PAUL C. DUPREE ET AL. v. HENRY BRIDGERS ET. AL.

(Filed 17 March, 1915.)

1. Attorney and Client—Contingent Fees—Contracts, Written.

A written contract of employment, made with an attorney, that the attorney should prosecute, as such, litigation over lands and receive a part of the lands in compensation for his services upon the contingency of success, will be upheld in accordance to its written terms when there is no element of fraud or undue influence.

2. Same—Lands—Equitable Assignment.

A valid written contract for the compensation of an attorney, that he is to receive a certain part of the lands in controversy for his fee in prosecuting the action, as such, is not revoked by the death of the client, when the compensation is earned by the attorney in accordance with its terms, but is binding upon the lands as an equitable assignment thereof *pro tanto.*

3. Attorney and Client—Contingent Fee—Lands—Compromise—Interpleas—Procedure.

Where a valid written contract for compensating an attorney has been made, by which the attorney is to receive for his services a certain part of the lands, the subject of the litigation, contingent upon recovery; and the attorney starts the suit and continues to do what is necessary for its

prosecution, but is stopped therein by a compromise effected by his client, without his knowledge, by which the client has obtained a part of the land, the attorney is entitled to receive the proportionate part of the land thus obtained, in accordance with his contract of employment, and an interplea in the original cause is the proper procedure for him to pursue in enforcing his demand.

**4. Issues—Attorney and Client—Contingent Fee.**

The issues tendered by the plaintiffs in this action, relating to the value of the services of the interpleader rendered to the estate of the deceased, as attorney, are held not to be responsive to the inquiry, the proper issues being those relating to the value of such services rendered to one of the heirs at law of the deceased, as a party to the action.

APPEAL by plaintiffs Tabitha DeVisconti and B. S. Sheppard and wife from *Peebles, J.,* at October Term, 1914, of PITT.

Petition of intervenors Harry Skinner and F. G. James in above entitled cause. His Honor rendered judgment in favor of the intervenors upon the pleadings, exhibits, records, affidavits, orders, judgments, and decrees in the cause.

Plaintiffs Tabitha DeVisconti and B. S. Sheppard and wife, Sue May Sheppard, appeal.

*J. L. Horton, W. H. Lyon, Jr., for plaintiffs.*
*Winston & Biggs for intervenors.*

BROWN, J. The record discloses that on 3 November, 1910, Addie G. DeVisconti made two contracts with Henry Clark Bridgers, whereby she undertook to convey to him one-half of 25 acres of land in the town of Farmville. The said land was to be developed and laid off into lots and she was to have one-half of the lots and Henry Clark Bridgers the other half, and the depot was to be located upon the property when the railroad was completed to Farmville. She also conveyed to him for the consideration of $1 a right of way 100 feet wide through her lands near the town of Farmville, and depot site.

Mrs. DeVisconti lived about one year, and died in November, 1901. She left surviving her one son by a former marriage, named Paul C. Dupree, and two daughters, Tabitha DeVisconti and Sue May DeVisconti. These last two were infants, and F. M. Dupree, their uncle, was their guardian.

After the death of Mrs. Addie DeVisconti her sister, May Sue Albritton, qualified as guardian of her three infant children, Paul C. Dupree, Tabitha DeVisconti, and Sue May DeVisconti, and employed the petitioners, F. G. James and Harry Skinner, to bring suit to set aside and declare void the above deeds which Henry Clark Bridgers had secured from her sister, on the ground of mental incapacity on the part of the said Mrs. DeVisconti and the unconscionableness of the bargain.

The guardian employed the intervenors to bring the above entitled action to set aside the contracts. She made frequent visits to said attorneys and consulted with them in reference to the matter, in consequence of which the action was instituted by said attorneys, who prepared and filed the elaborate complaint set out in the record, and otherwise prepared the case for trial after the defendant had answered and joined issue. Mrs. Albritton died and F. M. Dupree was appointed guardian for the two *feme* infants. Paul C. Dupree had become of age, and then this instrument, it is admitted, was duly executed:

Memorandum of agreement made this the 10th day of March, 1911, between Paul C. Dupree and F. M. Dupree, guardian of Tabitha DeVisconti and Sue May DeVisconti, parties of the first part, and Harry Skinner and F. G. James, parties of the second part:

Witnesseth, that in consideration of $100 and legal services to be performed, the parties of the first part agree to allow and pay to the parties of the second part one-half of their recovery in the case of Paul C. Dupree and F. M. Dupree, guardian of Tabitha DeVisconti and Sue May DeVisconti, against Henry Clark Bridgers, and to this end the parties of the first part have bargained, sold, and conveyed to the parties of the second part a one-fourth interest in the lands fully described in the first and twelfth sections of the complaint filed in this cause.

In testimony whereof, the said parties of the first part have hereunto set their hands and seals the day and year above.

PAUL C. DUPREE.    [SEAL]<br>F. M. DUPREE.    [SEAL]

Witness:  WINNIE SKINNER.

Paul C. Dupree verified the complaint. The defendant Bridgers employed counsel and filed an answer and otherwise defended the action.

Pending the action, Paul C. Dupree died and his interest in the lands descended to his two sisters, Tabitha and Sue May. It is admitted that on 2 April, 1913, Tabitha DeVisconti, Sue May, who meanwhile had married Ben. S. Sheppard, and Paul C. Dupree, without their attorneys' knowledge and consent, conferred with Henry C. Bridgers, the defendant, compromised and settled the action by a written agreement entered into and set out in the record, whereby certain parts of the lands sued for were relinquished and conveyed by said defendant to the plaintiffs. A consent decree was entered by *Judge Daniels* in the cause, carrying out the compromise and discharging Henry C. Bridgers from the case.

This decree provides, "that it is made without prejudice to the matters and things in controversy between the plaintiffs and the intervenors in this action, which said matters are retained for further orders."

Under the written agreement of 10 March, 1911, the intervenors claim only a share of the land recovered for Paul C. Dupree, who executed the contract or conveyance after he became of age. His Honor, *Judge Peebles,* refused to give judgment for any portion of the *feme* plaintiff's shares, as they are under age, but adjudged that as Paul C. Dupree was admitted to be of age when he executed the agreement, the intervenors were entitled to recover one-half of one-third of 5½ acres of land recovered for him under the written agreement.

The plaintiffs demanded a jury trial and tendered certain issues, viz.:

At the hearing of said petition the said Mrs. Sheppard and Miss Tabitha DeVisconti tendered the following issues:

Did the intervenor, Harry Skinner, render any service to the estate of Tabitha DeVisconti and Sue May Sheppard? Answer: _____

If so, what was the value of such service? Answer: _____

Did the intervenor, F. G. James, render any service to the estate of Tabitha DeVisconti and Sue May Sheppard? Answer: _____

If so, what was the value of such service? Answer: _____

His Honor very properly refused to submit these issues. The execution of the agreement by Paul C. Dupree is admitted and the intervenors claim nothing of the other plaintiffs, although it is certain that they profited largely by the action; but plaintiffs, Tabitha and Sue, deny that they "added anything to their comfort or estate in doing so." At the same time they admit they compromised the action without their attorneys' knowledge and recovered some very valuable land in consequence thereof, although they aver that their mother was fully competent to make the deed to Henry C. Bridgers and allege that this action ought never to have been brought.

If these are the real views of the plaintiffs, it would seem that they should return the land to the defendant. The services which the intervenors rendered appear in the record in this case. It is admitted that they advised, after many conferences and examinations, the bringing of this suit. It appears that they issued the summons, filed the bond, prepared and filed the complaint, and prepared the case for trial. They were prevented from trying it by the action of the plaintiffs and defendant. The intervenors do not claim upon a *quantum meruit,* and no such issue is raised by the pleadings in this case. The intervenors claim Paul C. Dupree conveyed to them, by the instrument above set out, a certain interest in the lands described in the complaint.

It is not alleged that the said paper-writing was obtained by fraud or that any undue advantage was taken of the grantor in it by these intervenors. It is well settled, when an attorney and his client agree in writing as to the amount of compensation to be paid, such agreement is valid, in the absence of fraud. Weeks on Attorneys, p. 580. Nor is this agree-

ment revoked by the death of Paul C. Dupree. It is held that when a party entered into a contract with an attorney, fixing his fees for the recovery of property, the death of the maker of the contract did not revoke it, but that the same was binding upon the funds and constituted an equitable assignment of the same. 15 Howard's Practice Reports, p. 416.

Written contracts between attorneys and their clients are to be treated and enforced as all other contracts, and in the absence of fraud, coercion, or undue advantage, the amount of compensation agreed upon in the contract is held to be conclusive and binding between the parties. Weeks on Attorneys, p. 582; 4 Cyc., p. 987, and numerous cases cited in Note 78; 3 A. and E., 434.

An agreement between an attorney and client that the attorney shall have a lien on the judgment is decisive as to the existence of the lien and its amount. 4 Cyc., p. 1006.

We think, furthermore, that the interplea in the original cause is the proper remedy. That was the remedy pursued in the case of *Barnes v. Alexander,* 231 U. S., 117, where it was held that when attorneys had contract for one-quarter of the amount recovered, this contract was valid, although contingent, and that the decree of the court awarding compensation to the attorneys under said contract was proper. See, also, Weeks on Attorneys, sec. 368.

The judgment of the Superior Court is
Affirmed.